UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARKESHA MUHAMMAD,

                              Plaintiff,

v.

                              Case # 18-CV-6041-FPG

                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Plaintiff Markesha Muhammad brings this action pursuant to the Social Security Act seeking review of the denial of her disability insurance benefits ("DIB") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 15. For the reasons that follow, Muhammad's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On July 8, 2014, Muhammad protectively applied for DIB with the Social Security Administration ("the SSA"). Tr. 176-87.[1] She alleged that she had been disabled since August 28, 2013 due to septo-optic dysplasia, fibromyalgia, stiffness, seizures, and vision issues. Tr. 196, 200. On November 1, 2016, Muhammad and a vocational expert ("VE") testified at a hearing before Administrative Law Judge John P. Costello ("the ALJ"). Tr. 33-80. On January 19, 2017, the ALJ issued a decision finding that Muhammad was not disabled within the meaning of the Act.

---

[1] References to "Tr." are to the administrative record in this matter.

Tr. 7-22. On November 16, 2017, the Appeals Council denied Muhammad's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Muhammad's claim for benefits under the process described above. At step one, the ALJ found that Muhammad had not engaged in substantial gainful activity since the alleged onset date. Tr. 12.

At step two, the ALJ found that Muhammad has the following severe impairments: anxiety disorder, inflammatory arthritis, fibromyalgia, sleep apnea, right eye blindness since birth, obesity,

3

and a history of seizures. *Id.* At step three, the ALJ found that Muhammad's impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 13.

Next, the ALJ determined that Muhammad retained the RFC to perform sedentary work;[2] could occasionally stoop, balance, kneel, crouch, climb, or crawl; frequently reach, handle, and finger; and read ordinary newspaper or book print. Tr. 14-20. The ALJ also found that Muhammad could not work around heavy machinery or at heights. *Id.*

At step four, the ALJ noted that Muhammad has no past relevant work. Tr. 20. At step five, the ALJ found that Muhammad can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 20-21. Specifically, the VE testified that Muhammad could work as an envelope addresser or stuffer. Tr. 21. Accordingly, the ALJ determined that Muhammad was not disabled. *Id.*

## II. Analysis

Muhammad argues that remand is required because the ALJ's physical RFC determination lacks substantial evidence.[3] ECF No. 12-2 at 20-25. Specifically, she contends that the ALJ used his lay opinion to formulate the RFC without performing a function-by-function analysis after he discounted the opinions of Muhammad's treating and consultative physicians. The Court agrees that remand is warranted.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012)

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[3] Muhammad advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 12-1 at 16-19, 22-25. The Court will not reach these arguments because it remands based on the improper physical RFC determination.

(quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. § 04.1545(e). The ALJ assesses RFC based on "all of the medical and nonmedical evidence." 20 C.F.R. § 04.1545(e).

The RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). When an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013). This means that the ALJ must assess

> the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch, based on medical reports from acceptable medical sources that include the sources' opinions as to the claimant's ability to perform each activity. The claimant's RFC can be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy only after the function-by-function analysis has been completed.

*Knighton v. Astrue*, 861 F. Supp. 2d 59, 66 (N.D.N.Y. 2012) (internal citations omitted).

Remand is not required simply because the ALJ did not conduct an explicit function-by-function analysis; the ALJ's RFC determination may be upheld when his analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported

by substantial evidence such that additional analysis would be unnecessary or superfluous." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). "Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ analysis frustrate meaningful review." *Id.* at 177-78.

Here, the ALJ failed to assess Muhammad's capacity to perform relevant functions despite contradictory evidence in the record. For example, Muhammad's treating physician opined that she was moderately limited in her ability to walk, stand, and sit. Tr. 928. Similarly, her consultative physician opined that she was moderately-to-severely limited in her ability to stand, walk, and bend, and moderately limited in her ability to sit for a long time. Tr. 445. But the ALJ gave these opinions only "partial weight" and found that Muhammad could perform sedentary work, which requires the ability to sit for six hours a day. SSR 96-9P, 1996 WL 374185, at *3 (July 2, 1996). He also specifically found that she could occasionally stoop, balance, kneel, crouch, climb, or crawl.

It is unclear how the ALJ—who is not a medical professional—arrived at these very specific RFC determinations without supporting medical opinions. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor."). The ALJ rejected the physicians' opinions that Muhammad was limited in sitting, and he cited no opinions discussing her ability to stoop, balance, kneel, crouch, climb, or crawl. A function-by-function analysis was therefore "needed here, where there is evidence that plaintiff could not perform all of the functions required in the opined RFC." *Kelly v. Colvin*, No. 3:15-CV-775 (CFH), 2016 WL 5374113, at *10 (N.D.N.Y. Sept. 26, 2016).

The ALJ noted Muhammad's ability to perform daily activities such as cooking and cleaning twice a week, doing laundry once a week, shopping, showering three days a week, reading, caring for her children, and socializing with friends. Tr. 15, 18. To the extent that the ALJ relied on that evidence to find that she could perform sedentary work, that evidence alone does not support his RFC assessment. *See Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) ("[S]uch activities do not by themselves contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves."); *see also Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("We have stated on numerous occasions that a claimant need not be an invalid to be found disabled under the Social Security Act."); *Bodden v. Colvin*, No. 14-CV-08731 (SN), 2015 WL 8757129, at *12 (S.D.N.Y. Dec. 14, 2015) ("Although the treatment records support the ALJ's finding that [claimant] was generally able to perform all basic activities of daily living, including doing the laundry, taking her children to school, performing household chores, and cooking for her family, these facts alone do not support a finding that she was capable of working 40 hours a week in a competitive work environment.").

A claimant is not necessarily disabled simply because she is moderately limited in her ability to sit or stand. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). But the ALJ still needed to support his finding that, despite evidence that Muhammad had moderate limitations in these areas, she could perform sedentary work. *See id.*; *see also Toomey v. Colvin*, 15-CV-730-FPG, 2016 WL 3766426, at *4 (W.D.N.Y. Aug. 3, 2016) (remanding where the ALJ failed to reconcile his finding that plaintiff could perform sedentary work with a medical opinion that she was "moderately limited in sitting for a long time").

Under the circumstances discussed above, the ALJ's failure to conduct a function-by-function analysis does not afford an adequate basis for meaningful judicial review. Accordingly,

the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 29, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court